UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNAN YILMAZ                                      CIVIL ACTION

VERSUS                                             NO. 17-12709

RASHEEDAH JONES ET AL.                             SECTION "N"(2)

## ORDER AND REASONS ON MOTION

Plaintiff Kennan Yilmaz, appearing pro se in this employment discrimination action, filed an ex parte motion "Requesting for Default Judgment," Record Doc. No. 5, that seeks entry of default judgment against all three defendants. Yilmaz asserts that all defendants were served with the summons and complaint on November 28, 2017, but that no defendant has filed an answer or otherwise appeared. However, because plaintiff's proofs of service do not establish that any defendant was properly served, IT IS ORDERED that his motion is DENIED, for the following reasons.

Yilmaz filed in the record copies of the summonses issued to defendants Rasheedah Jones, Keri Dawson and General Electric Oil & Gas Company ("GE"); and three proofs of service, signed under penalty of perjury by Tanner Yilmaz ("Tanner") on November 30, 2017.[1] Record Doc. Nos. 2, 3, 4. Tanner states that he served the summons and complaint on each defendant by certified mail on November 24, 2017. The proofs of service for the individual defendants, Jones and Dawson, include certified mail receipts from the United

---

[1] Tanner's signature on his proof of service on Jones is not dated. Record Doc. No. 2 at p. 2. However, his signatures on the other two proofs are dated November 30, 2017. Record Doc. Nos. 3 and 4 at p. 2. All three proofs were filed on December 1, 2017. The court therefore assumes for present purposes that Tanner also signed the proof of service on Jones on November 30, 2017.

States Postal Service, indicating that the postage was paid for an item on November 24, 2017, to be sent to these defendants at "GE Oil and Gas, 2600 Camino Ramon, San Ramon, California 94583," return receipt requested. The proof of service for GE also includes a certified mail receipt indicating that the postage was paid for an item on the same date, to be sent to "GE Oil & Gas c/o Rasheedah Jones" at the same address, return receipt requested. Each proof of service includes a copy of a "USPS Tracking" notice, stating that the "item was delivered to an individual at the address at 1:07 p.m. on November 28,2017." No return receipts have been filed in the record.

  A. <u>Federal Procedure for Entry of Default and Service of Process</u>

Before seeking default <u>judgment</u>, Yilmaz must first obtain <u>entry</u> of default. Default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Plaintiff may move for default judgment only <u>after</u> default is entered against a defendant. Fed. R. Civ. P. 55(b). Accordingly, the court treats plaintiff's motion as one for entry of default under Rule 55(a).

The summons and a copy of the complaint "must be served" on the defendant before default can be entered. Fed. R. Civ. P. 4(c)(1). Principles of due process require that a defendant be properly served and made subject to the court's jurisdiction before the court can render any judgment against that defendant. <u>Bollore S.A. v. Imp. Warehouse, Inc.</u>, 448 F.3d 317, 321 n.5 (5th Cir. 2006); <u>Jackson v. FIE Corp.</u>, 302 F.3d 515, 529 nn. 51, 52 (5th Cir. 2002). "If a party is not validly served with process, proceedings against that party are

void.  When service of process is challenged, 'the plaintiff bears the burden of establishing its validity.'"  Moore v. Toyota Motor Corp., No. 17-1379, 2017 WL 5257050, at *1 (E.D. La. Nov. 13, 2017) (quoting Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)) (citing Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981)); accord Henderson v. Republic of Tex., 672 F. App'x 383, 384 (5th Cir. 2016).  "[P]roof of service must be made to the court . . . by the server's affidavit."  Fed. R. Civ. P. 4(l).

Fed. R. Civ. P. 4(d)(1) provides that plaintiff may notify a defendant "that an action has been commenced and request that the defendant waive service of a summons," but Yilmaz does not allege that he used that procedure.  Alternatively, plaintiff "may . . . serve[ ]" an individual defendant who is not located in the state where suit was filed "in a judicial district of the United States by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  A corporation that is not located in the state where suit was filed

> must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1)(A), (B). Thus, this court examines whether Yilmaz has provided sufficient evidence that each defendant was properly served in California under the law of either Louisiana (where suit was filed) or California (where defendants are located).

   B.   Long-arm Service of Process Under Louisiana Law

Louisiana law allows service of process on a "nonresident," La. Stat. Ann. § 13:3201 (2017), which is defined as an individual

> who at the time of the filing of the suit is not domiciled in this state, or a partnership, association, or any other legal or commercial entity, other than a corporation, not then domiciled in this state, or a corporation or limited liability company which is not organized under the laws of, and is not then licensed to do business in, this state.

Id. § 13:3206. To serve a nonresident defendant, the summons and complaint

> shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
> . . . .
> C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.
> D. For purposes of this Section, a "commercial courier" is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:
> (1) Acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery.

Id. § 13:3204 (emphasis added).

Louisiana law further provides that

> [n]o preliminary default or final default judgment may be rendered against the defendant . . . until thirty days after the filing in the record of the affidavit of the individual who has done any of the following:
> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.
> (2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery.
> (3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.

Id. § 13:3205 (emphasis added).

Louisiana courts strictly construe these statutes permitting long-arm service of process on nonresidents. Edwards v. Mathieu, 163 So. 3d 110, 114 (La. App. 4th Cir. 2015); Winstead v. Kenyon, 182 So. 3d 1087, 1090 n.11 (La. App. 4th Cir. 2015); Folse v. St. Rose Farms, Inc., 165 So. 3d 104, 108 (La. App. 5th Cir. 2014); Donnelly v. Quatroy, 866 So. 2d 917, 921-22 (La. App. 5th Cir. 2004). "A judgment obtained without strict compliance with La. R.S. 13:3205 is an absolute nullity. . . . A default judgment may not be taken against a person who had not received citation and service thereof." Edwards, 163 So. 3d at 114 (quotation and citations omitted); accord Winstead, 182 So. 3d at 1090 n.12; Folse, 165 So. 3d at 107; Donnelly, 866 So. 2d at 921-22; Corte v. Cash Techs., Inc., 843 So. 2d 1162, 1166 (La. App. 1st Cir. 2003).

In a case with facts identical to Yilmaz's, the court in Folse held that proof of long-arm service by certified mail was insufficient and a default could not be entered when

plaintiff filed a certified mail receipt showing the payment of postage, but did not file a return receipt signed by the defendant as required by Section 13:3205. Folse, 165 So. 3d at 108; see also Edwards, 163 So. 3d at 115 (certified mail return receipt signed by person other than defendant does not prove service on defendant in the absence of evidence that signing person was defendant's agent or authorized by defendant to receive his mail); cf. Fairley v. Potter, No. C-01-1363, 2003 WL 403361, at *4 (N.D. Cal. Feb. 13, 2003) (proof of service was invalid under Fed. R. Civ. P. 4(i)(2)(A), which requires that federal employees be served by registered or certified mail, when no return receipt was filed). Because Yilmaz did not file a certified mail return receipt for any defendant, his proof of service is deficient on its face.

Yilmaz has provided "USPS Tracking" notices for each defendant. These notices state that the "item was delivered to individual at the address at 1:07 p.m. on November 28, 2017." Record Doc. Nos. 2, 3, 4 at p. 3 (emphasis added). However, notices of delivery to some unnamed person do not comply with Sections 13:3204 and 13:3205, which require a signed receipt of actual delivery to the particular defendant or her/its authorized agent. Thus, Yilmaz has failed to prove valid service on any defendant pursuant to Louisiana's long-arm statute.

  C. Long-arm Service of Process Under California Law

The California Code of Civil Procedure similarly provides for service of process by mail within the United States, Cal. Civ. Proc. Code § 413.10 (West 2017), with proof of service including a return receipt. Under California law, "a proper affidavit [of service] is

one that informs the trial court that the plaintiff 'has completed all acts necessary to effect service.'" Cruz v. Fagor Am., Inc., 146 Cal. App. 4th 488, 497, 52 Cal. Rptr. 3d 862, 868 (2007) (quoting Johnson & Johnson v. Super. Ct., 38 Cal.3d 243, 254, 211 Cal. Rptr. 517, 695 P.2d 1058 (1985)).

California law provides for two methods of service by mail, Cal. Civ. Proc. Code § 415.30 Judicial Council comment,[2] each of which requires a signed acknowledgment of receipt. First, under Section 415.30,

> [a] copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and <u>acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender</u>.
> (b) The notice specified in subdivision (a) shall be in substantially the following form:
> . . .
>                 ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
> . . .
> [Line for:] <u>Signature of person acknowledging receipt</u>, with title if acknowledgment is made on behalf of another person.
> (c) Service of a summons pursuant to this section is deemed complete on the date a <u>written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender</u>.

Id. § 415.30 (emphasis added). Yilmaz does not assert that he complied with this procedure with respect to any defendant.

Under the second method of section 415.40, "[a] summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the

---

[2]The Judicial Council's explanatory comments "are highly persuasive evidence of the Legislature's intent regarding the proper interpretation of these statutes." Dill v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1435, 29 Cal. Rptr. 2d 746, 750 (1994).

summons and of the complaint to the person to be served by first-class mail, postage prepaid, <u>requiring a return receipt</u>." <u>Id.</u> § 415.40 (emphasis added).

> Proof that a summons was served on a person outside this state shall be made:
> (a) If served in a manner specified in a statute of this state, . . . and if service is made by mail pursuant to Section 415.40, <u>proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence</u>;
> . . . .
> (d) By the written admission of the party.

<u>Id.</u> § 417.20(a), (d) (emphasis added).

> In instances of service by registered or certified mail in the manner specified in Section 415.40, the proof of service must state or show: (1) the time and place a copy of the summons and of the complaint was mailed (by any form of airmail requiring a return receipt) to the person or persons who may be served, (2) the name, title or representative capacity, if any, and address (out-of-state) of such person or persons, and (3) the name, age, etc., of the person who deposited the papers in the United States postoffice or mailbox, as in the case of personal service. In addition, the <u>affidavit or certificate must be accompanied by a return receipt or other satisfactory evidence of delivery of the documents to the person to be served</u>.

<u>Id.</u> § 417.20 Judicial Council comment (emphasis added).

Since California's laws of service of process were amended in 1969, its courts have interpreted the new statutes both strictly and liberally. <u>See</u> <u>Summers v. McClanahan</u>, 140 Cal. App. 4th 403, 408, 44 Cal. Rptr. 3d 338, 341 (2006) (quoting <u>Pasadena Medi-Ctr. Assocs. v. Super. Ct.</u>, 511 P.2d 1180, 1184 (Cal. 1973)) ("Prior to the 1969 amendments many courts had required 'strict and exact compliance' with the statutory requirements for service of process. [After the amendments, the California Supreme Court] adopt[ed] a 'liberal construction' of the new law . . . ."); <u>id.</u> at 411, 44 Cal. Rptr. 3d at 344 (citing

Taylor-Rush v. Multitech Corp., 217 Cal. App. 3d 103, 111, 265 Cal. Rptr. 672, 675 (1990); Kappel v. Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815 (1988); Slaughter v. Legal Process & Courier Serv.,162 Cal. App. 3d 1236, 1251, 209 Cal. Rptr. 189 (1984)) ("Nevertheless there are cases decided after the enactment of the revised statutes which have continued to apply the strict construction rule."); Dill, 24 Cal. App. 4th at 1437, 29 Cal. Rptr. 2d at 752) ("[S]trict compliance is not required." Plaintiff "could be held to have substantially complied with the statute if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the [evidence showed that the] summons was actually received by one of the persons to be served.").

This court need not decide whether California sections 415.40 and 417.20 should be construed strictly or liberally in this case because Yilmaz has not provided "evidence satisfactory to the court establishing actual delivery to the person to be served." Cal. Civ. Proc. Code § 417.20(a) (emphasis added). As previously stated, the "USPS Tracking" notices state that each "item was delivered to an individual at the address at 1:07 p.m. on November 28, 2017." Record Doc. Nos. 2, 3, 4 at p. 3. Unsigned notices of delivery to an unnamed person at a business address neither strictly nor substantially comply with the statutes regarding proof of service on any defendant or her/its authorized agent. See Summers, 140 Cal. App. 4th at 414, 44 Cal. Rptr. 3d at 346 ("[N]o California appellate court has . . . uph[e]ld a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." Proof of service was inadequate when there was no evidence

that defendant had authorized the person to whom plaintiff mailed the summons, with whom defendant had no "close business or professional relationship," "to accept service of process as [defendant's] agent.") (emphasis added); Taylor-Rush, 217 Cal. App. 3d at 110, 265 Cal. Rptr. at 675 (Proof of service was insufficient when the mail return receipt had an incorrect apartment number and was signed by two persons other than defendant, there was no evidence that either signatory person was authorized to accept mail on defendant's behalf, and defendant declared that he did not know who had signed the receipt. "A defendant is under no duty to respond to a defectively served summons. The notice requirement is not satisfied by actual knowledge of the action without service conforming to the statutory requirements . . . .").

Because GE is a corporate entity, plaintiff must also comply with California Code of Civil Procedure section 416.10 to effect service by mail. Cruz, 146 Cal. App. 4th at 496, 52 Cal. Rptr. 3d at 868; Dill, 24 Cal. App. 4th at 1435, 29 Cal. Rptr. 2d at 750. "Service on a corporation or unincorporated association can only be accomplished by serving some individual as its representative. Section 416.10 enumerates the individuals who are authorized to receive service on behalf of an ongoing corporation." Cal. Civ. Proc. Code § 416.10 Judicial Council comment. "[T]o serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10." Dill, 24 Cal. App. 4th at 1435-36, 29 Cal. Rptr. 2d at 751.

Section 416.10 provides:

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
> (a) To the person designated as agent for service of process [by the company in its filings with the California Secretary of State . . . ].
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Id. § 416.10(a), (b). A corporation has constructive knowledge of the summons and complaint once an individual who is <u>authorized</u> to accept service of process on behalf of the corporation acknowledges service. <u>Cruz</u>, 146 Cal. App. 4th at 499, 52 Cal. Rptr. 3d at 870; <u>Dill</u>, 24 Cal. App. 4th at 1438, 29 Cal. Rptr. 2d at 752.

The certified mail postage receipt attached to Tanner's declaration of service in the instant case states that he mailed the item to GE "c/o Rasheedah Jones." Record Doc. No. 3 at p. 3. Although plaintiff alleges in his complaint that Jones is a human resources manager, there is <u>no evidence</u> in the record that Jones is a person designated by GE or by section 416.10(b) as GE's agent for service of process or that, if she is such an authorized representative, she actually received the summons and complaint. <u>Dill</u>, 24 Cal. App. 4th at 1438-39, 29 Cal. Rptr. 2d at 752-53. Yilmaz's "proofs of service failed to comply with the minimum statutory requirements" for service on a corporate entity. <u>Id.</u> at 1442, 29 Cal. Rptr. 2d at 755.

Thus, Yilmaz's proofs of service on each defendant are inadequate under California law. <u>Id.</u> at 1442, 29 Cal. Rptr. 2d at 756.

## CONCLUSION

In the absence of sufficient proof of service under Louisiana or California law, Yilmaz cannot obtain entry of default against any defendant. Accordingly, his motion is DENIED. This "disposition does not prevent plaintiff from filing a new petition [for entry of default] with sufficient service." Edwards, 163 So. 3d at 115 n.4.

Yilmaz filed his complaint on November 17, 2017. Fed. R. Civ. P. 4(m) requires that service be accomplished within ninety days after the complaint is filed. Plaintiff is hereby advised that ordinarily his deadline to complete service of process on all defendants and file new returns of service in the record would be February 15, 2018. Under the circumstances presented by this motion, IT IS ORDERED that the Rule 4(m) deadline is hereby extended to **March 15, 2018**.

New Orleans, Louisiana, this \_\_\_24th\_\_\_ day of January, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE