UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNAN YILMAZ                                                   CIVIL ACTION

VERSUS                                                          NO. 17-12709

RASHEEDAH JONES ET AL.                                          SECTION "N" (2)

## REPORT AND RECOMMENDATION

This is an employment discrimination case filed pursuant to Title VII. Plaintiff Kennan Yilmaz is proceeding pro se, but <u>not</u> in forma pauperis. Thus, when his complaint was filed, the Clerk issued summonses directly to plaintiff, Record Doc. Nos. 2-4, and it was plaintiff's responsibility to effectuate service or obtain a waiver. Fed. R. Civ. P. 4.

More than 90 days have elapsed since the filing of the complaint in this action. The record reflects that service has <u>not</u> been effected upon defendants, Rasheedah Jones, Keri Dawson and General Electric Oil & Gas Company. Plaintiff failed to complete service of process on all defendants and file new returns of service in the record on or before the extended deadline of March 15, 2018, as ordered by the undersigned magistrate judge on January 24, 2018. Record Doc. No. 6.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows

>good cause for the failure, the court must extend the time for service for an appropriate period.

In light of the passage of more than 90 days since the complaint was filed and plaintiff's failure to complete service of process on all defendants and file new returns of service in the record, after the Rule 4(m) deadline was extended to March 15, 2018, the above captioned complaint must be dismissed in accordance with Fed. R. Civ. P. 4(m). See Lambert v. United States, 44 F.3d 296 (5th Cir. 1995), Redding v. Essex Crane Rental Corp. of Alabama, 752 F.2d 1077 (5th Cir. 1985).

In an effort to afford plaintiff one final opportunity to respond, I have issued this report and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Report and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous order.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may and probably will result in dismissal of plaintiff's case.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not timely file written objections to this Report and Recommendation, the complaint of Kennan Yilmaz be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this   5th   day of April, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.